UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA KHAZAL,<br><br>    Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 13-cv-4076-PJH<br><br>**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT** |

Defendant's motion to enforce settlement came on for hearing before this court on November 18, 2015. Plaintiff Rebecca Khazal ("plaintiff") appeared through her counsel, Arkady Itkin. Defendant JP Morgan Chase Bank, N.A. ("defendant") appeared through its counsel, Jason Allen. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion, as stated at the hearing and as follows.

As the court stated at the hearing, the Ninth Circuit's decision in Facebook, Inc. v. Pacific Northwest Software, Inc. controls the outcome of this motion. See 640 F.3d 1034 (9th Cir. 2011). The Facebook court explained that "a term may be 'material' in one of two ways:  It may be a necessary term, without which there can be no contract; or, it may be an important term that affects the value of the bargain." Id. at 1037. And while "omission of the former would render the contract a nullity," a "contract that omits terms of the latter type is enforceable under California law, so long as the terms it does include are sufficiently definite for a court to determine whether a breach has occurred, order

1 | specific performance or award damages." Id. at 1037-38.

2 | In this case, the parties' inability to finalize their settlement agreement primarily
3 | stems from their disagreement over liquidated damages terms.  While plaintiff maintains
4 | that these terms are material – and indeed, the court recognizes their importance to the
5 | parties – the court finds that these terms do not rise to the level of "necessary" terms,
6 | "without which there can be no contract."  Thus, defendant's motion to enforce the
7 | settlement is GRANTED.

8 | At the hearing, the court gave the parties three options to resolve the
9 | disagreement over the remaining disputed terms:  (1) the court could fill in the terms
10 | itself, (2) the parties could continue to negotiate over the missing terms, or (3) the terms
11 | could be stricken altogether.  The parties agreed on option (2), and they were given until
12 | **December 16, 2015** to agree to terms and to submit a stipulated dismissal.  If the parties
13 | are unable to agree to terms by that date, the court will strike the disputed terms and
14 | enter its own dismissal.

15 | Having found that the settlement agreement is enforceable, defendant's motion for
16 | summary judgment is DENIED as moot.

17 | **IT IS SO ORDERED.**
18 | Dated:  November 18, 2015

_____

PHYLLIS J. HAMILTON
United States District Judge