1
2
3
4
5
6

SEYFARTH SHAW LLP
Laura Maechtlen (SBN 224923)
E-mail: lmaechtlen@seyfarth.com
Emily E. Barker (SBN 275166)
E-mail: ebarker@seyfarth.com
Jason M. Allen (SBN 284432)
E-mail: jmallen@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

7
8

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

9
10
11
12

Arkady Itkin (SBN 253194)
LAW OFFICE OF ARKADY ITKIN
100 Pine Street, Suite 1250
San Francisco, California  94111
E-mail:arkady@arkadylaw.com
Telephone:     (415) 640-6765
Facsimile:     (415) 508-3474

13

Attorney for Plaintiff
REBECCA KHAZAL

14
15
16
17
18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| REBECCA KHAZAL,<br><br>                    Plaintiff,<br><br>          v.<br><br>JPMORGAN CHASE BANK, N.A., and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. 4:13-CV-04076 PJH<br><br>**STIPULATED REQUEST AND [PROPOSED] ORDER FOR THE COURT TO FILL IN MISSING TERMS IN LONG-FORM SETTLEMENT AGREEMENT** AS MODIFIED BY THE COURT |

1    Pursuant to Civil Local Rules 6-1(b), 6-2, and 7-12, Plaintiff Rebecca Khazal ("Khazal") and

2    Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") hereby stipulate and jointly request the Court to

3    fill in the remaining terms of the long-form settlement agreement and to dismiss this case with prejudice.

4    On November 16, 2015, the Court heard argument on JPMorgan's motion to enforce the short-

5    form settlement agreement signed by the parties during mediation.  At that hearing, the Court granted

6    JPMorgan's motion and gave the parties three options to resolve the remaining disputed terms: (1) the

7    Court would fill in the terms, (2) the parties would continue to negotiate the remaining terms, or (3) the

8    terms would be stricken.  (*See* Dkt. Nos. 56 and 58.)  The parties opted to continue negotiating

9    themselves; the Court gave the parties until December 16, 2015 to agree to terms and submit a stipulated

10   dismissal.  (Dkt. No. 56.)

11   The parties have continued negotiating and have resolved two of the three open terms: the

12   liquidated damages clause and the clause discussing JPMorgan's response to inquiries from potential

13   future employers of Khazal.  The parties have narrowed, but have not yet resolved, their differences

14   regarding the confidentiality clause.  *See* Declaration of Jason M. Allen ("Allen Decl."), ¶¶ 3-4 & Ex. A

15   (current draft of the long-form settlement agreement).

16   JPMorgan seeks to ensure that the nature and terms of this action and the settlement remain

17   confidential, to the extent possible.  *Id.* ¶ 4.  Khazal agrees to keep those terms confidential; however, if

18   called as a witness in another plaintiff's action against JPMorgan, Khazal wants to ensure that she can

19   comply with her legal obligations as a witness without running afoul of the long-form settlement

20   agreement.  *Id.* ¶ 4.

21   On that point, the parties agree in principle but have not come to agreement on the particular

22   language for this clause.  *See id.*  Attempting to address this issue, JPMorgan has added to the

23   confidentiality provision language stating that her obligation to keep the terms of this settlement and

24   issues related to this lawsuit confidential is limited to the extent Khazal is "required to [provide such

25   information] by law."  *Id.* ¶ 5 & Ex. A § 5(g).  The agreement also includes language stating that, (1) if

26   "required by law or requested by any third party" to provide information regarding her employment with

27   JPMorgan, she must notify JPMorgan, and (2) long-form settlement agreement will not prevent Khazal

28   from "assisting or testifying in an investigation by Congress or any regulatory agency, law enforcement

2

agency, or self-regulatory organization ("SRO")." *Id.* ¶ 5 &  Ex. A §§ 5(g) & 6(d), (e).  Khazal has not suggested alternative language that she would consider satisfactory.  *Id.* ¶ 6.

Accordingly, the parties respectfully request the Court proceed as follows:

(1)    Adopt each and every term in the long-form agreement as included in the draft agreement, attached as Exhibit A to the Allen Decl., except for the confidentiality provision which remains at issue; and,

(2)    Revise the confidentiality provision in Exhibit B to clarify that Khazal will not face liability under the long-form agreement for providing testimony or information as required by law (for example, in response to a subpoena), so long as she complies with the notice provision and related terms of the long-form agreement.

(3)    Provide the final Agreement with instructions for execution of the same within fourteen (14) days of the Court's order, and with instructions that Khazal will forego her right to the agreed upon settlement sum if she fails to execute the long-form agreement within fourteen (14) days as ordered by the Court.

The parties further request that the Court dismiss this action ***with prejudice***, with each party to bear their own fees and costs.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  December 14, 2015

DATED:  December 14, 2015

Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ Jason M. Allen
     Laura Maechtlen
     Emily E. Barker
     Jason M. Allen

     Attorneys for Defendant
     JPMORGAN CHASE BANK, N.A.

LAW OFFICE OF ARKADY ITKIN


By:  /s/ Arkady Itkin
     Arkady Itkin

     Attorney for Plaintiff
     REBECCA KHAZAL

4

1

## ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Jason M. Allen, attest that concurrence in the filing of this stipulated request, has been

obtained from the signatory, Arkady Itkin, counsel for Plaintiff Rebecca Khazal.

DATED: December 14, 2015              Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ Jason M. Allen
     Laura Maechtlen
     Emily E. Barker
     Jason M. Allen

     Attorneys for Defendant
     JPMORGAN CHASE BANK, N.A.

STIPULATED REQUEST AND [PROPOSED] ORDER FOR THE COURT TO FILL IN MISSING TERMS
IN LONG-FORM SETTLEMENT AGREEMENT - CASE NO. 4:13-CV-04076 PJH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[~~PROPOSED~~] ORDER**

Based on the Parties' stipulation and good cause appearing, the Court completes the terms of the long-form settlement agreement and orders as follows:

(1) All terms of the long-form agreement submitted with the parties' stipulated request are incorporated as included in that draft agreement.

(2) The Court clarifies that Plaintiff Khazal will not face liability under the long-form agreement for providing testimony or information as required by law, court order, or subpoena ~~(for example, in response to a subpoena)~~, so long as she complies with the notice provision and related terms of the long-form agreement.

(3) The parties are hereby ordered to execute the long-form settlement agreement within fourteen (14) days of this order. Should Plaintiff fail to execute that agreement within fourteen days, Defendant will not be required to tender payment under the settlement agreement.

The Court further orders this action ***dismissed in its entirety, with prejudice***, and with no award of counsel fees or costs to either side.

**IT IS SO ORDERED.**

DATED: _12/16/15_____

_____
The Honorable Phyllis J. Hamilton
United States District Judge

The settlement agreement shall be modified as indicated above. Upon modification of the execution of the amended settlement agreement, by December 30, 2015, the case will be dismissed with prejudice.

STIPULATED REQUEST AND [PROPOSED] ORDER FOR THE COURT TO FILL IN MISSING TERMS
IN LONG-FORM SETTLEMENT AGREEMENT - CASE NO. 4:13-CV-04076 PJH

23237656v.3